IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00041-BNB

AHMED KUALFAN GHAILANI,

    Plaintiff,

v.

ERIC HOLDER, U.S. ATTORNEY GENERAL,
U.S. ATTORNEY'S OFFICE, SDNY,
FEDERAL BUREAU OF INVESTIGATION,
OFFICE OF ENFORCEMENT OPERATIONS,
FEDERAL BUREAU OF PRISONS, and
DAVID BERKEBILE, ADX Warden,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Ahmed Kualfan Ghailani, is a prisoner in the custody of the Federal Bureau of Prisons incarcerated at ADX in Florence, Colorado. He initiated this action by submitting *pro se* a Prisoner Complaint asserting a deprivation of his constitutional rights pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unkown Named Agents*, 403 U.S. 388 (1971). Plaintiff has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

    The Court must construe the Prisoner Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. The Court has reviewed

the Complaint and has determined that it is deficient. Plaintiff will be ordered to file an Amended Complaint for the reasons stated below.

Plaintiff presents six constitutional violations that are a result of his Special Administrative Measures ("SAMs") restrictions. Plaintiff asserts he has been subject to SAMs since 2009, and Defendants impose or renew the SAMs each year without affording him procedural due process. Plaintiff further asserts that the SAMs violate his First, Fifth, and Eighth Amendment rights because Defendants restrict his access to the mail, media, telephone, and visitors and deny his right to free exercise of religion. Plaintiff seeks injunctive and declaratory equitable relief and compensation for expenses.

Plaintiff fails to allege specific facts that demonstrate Defendants David Berkebile and Eric Holder personally participated in the asserted constitutional violations. If Plaintiff intends to pursue any claims against these Defendants he must file an Amended Complaint that clarifies what those claims are and, with respect to any constitutional claims, how these Defendants personally participated in the asserted constitutional violations. *See Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) (allegations of "personal participation in the specific constitutional violation complained of [are] essential").

Plaintiff may not assert a *Bivens* claim for damages against the BOP, the U.S. Attorney's Office, the Federal Bureau of Investigation, or the Office of Enforcement Operations. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001) (an inmate may bring a *Bivens* action against the offending individual officer but not against the officer's employer). Plaintiff's claims for declaratory and injunctive relief against Defendants

Berkebile and Holder in their official capacity and the named agencies, however, may be raised pursuant to 28 U.S.C. § 1331.  *See Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225 (10th Cir. 2005) (BOP and other named agencies within the meaning of the Administrative Procedures Act, *see* 5 U.S.C. § 551, are properly named defendants.)

Plaintiff will be given an opportunity to file an Amended Complaint.  Plaintiff must include in the Amended Complaint all of the claims he is asserting in this action because "an amended complaint supercedes the original complaint and renders the original complaint without legal effect."  *Mink v. Suthers*, 482 F.3d 1244, 1254 (10th Cir. 2007) (citing 3 Moore's Federal Practice, § 15.17[3] (Matthew Bender 3d ed.)).  For each claim he asserts in the Amended Complaint, Plaintiff "must explain what each defendant did to him [ ]; when the defendant did it; how the defendant's action harmed him [ ]; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  Accordingly, it is

ORDERED that, within **thirty days from the date of this Order**, Plaintiff file an Amended Complaint that complies with the directives in this Order.  It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if Plaintiff fails to file an Amended Complaint that complies with this Order within the time allowed, the Court may dismiss the action without further notice for the reasons discussed above.

DATED January 8, 2014, at Denver, Colorado.

BY THE COURT:

                                          s/ Boyd N. Boland
                                          United States Magistrate Judge