IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00041-BNB


AHMED KHALFAN GHAILANI,

     Plaintiff,

v.

ERIC HOLDER, U.S. ATTORNEY GENERAL,
U.S. ATTORNEY'S OFFICE, SDNY,
FEDERAL BUREAU OF INVESTIGATION,
OFFICE OF ENFORCEMENT OPERATIONS,
FEDERAL BUREAU OF PRISONS, and
DAVID BERKEBILE, ADX Warden,

     Defendants.

_____

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

_____

     Plaintiff, Ahmed Khalfan Ghailani, is a prisoner in the custody of the Federal

Bureau of Prisons incarcerated at ADX in Florence, Colorado.  Plaintiff initiated this

action by submitting *pro se* a Prisoner Complaint that alleges a deprivation of his

constitutional rights pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named*

*Agents*, 403 U.S. 388 (1971). The Court reviewed the Complaint and directed Plaintiff to

amend and assert specifically what Defendants Holder and Berkebile did to violate his

constitutional rights.  On February 6, 2014, Plaintiff filed an Amended Complaint.

     The Court must construe Plaintiff's Amended Complaint liberally because he is

not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court cannot act

as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  Plaintiff will be

directed to file a Second Amended Complaint for the following reasons.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

Claims must be presented clearly and concisely in a manageable format that allows a court and a defendant to know what claims are being asserted and to be able to respond to those claims.  *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).  For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis."  *Id.*

The Amended Complaint is forty-nine pages long, which is eighteen pages longer than the original complaint.  The Amended Complaint is repetitive, and the claims are

2

not presented in a short and concise format.  A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  The Court, however, will give Plaintiff an opportunity to cure the deficiencies in the Complaint by submitting a Second Amended Complaint that meets the requirements of Fed. R. Civ. P. 8.

Also, pursuant to the Court's instructions for filing a prisoner complaint, a complaint, including the form and additional pages used to complete the form, may not exceed thirty pages.

To state a claim in federal court Plaintiff must explain (1) what a defendant did to him; (2) when the defendant did it; (3) how the defendant's action harmed him; and (4) what specific legal right the defendant violated.  *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).

Plaintiff also must assert personal participation by each named defendant in the alleged constitutional violation.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Plaintiff must show how each named individual caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  Accordingly, it is

ORDERED that **within thirty days from the date of this Order**, Plaintiff shall file a Second Amended Complaint that complies with this Order.  It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner

Complaint form (with the assistance of his case manager or the facility's legal assistant),

along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if Plaintiff fails to file a Second Amended Complaint

that complies with this Order within the time allowed, the Court will dismiss the

Complaint and the action without further notice.

DATED February 7, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland_____
United States Magistrate Judge