# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00041-CMA-BNB

AHMED KHALFAN GHAILANI,

    Plaintiff,

v.

ERIC HOLDER, US ATTORNEY GENERAL,
US ATTORNEY'S OFFICE, SDNY,
FEDERAL BUREAU OF INVESTIGATION,
OFFICE OF ENFORCEMENT OPERATIONS,
FEDERAL BUREAU OF PRISONS, and
DAVID BERKEBILE, ADX Warden,

    Defendants.

---

## DEFENDANTS' OPPOSITION TO MOTION TO INTERVENE

---

Defendants, through undersigned counsel, oppose the Motion to Intervene filed by Mohammed A. Salameh. Doc. 44. The Court should deny the motion because Salameh has failed to meet the standards for either intervention of right under Fed. R. Civ. P. 24(a) or permissive intervention under Fed. R. Civ. P. 24(b).

Salameh, who seeks to intervene of right as a plaintiff (*see* Doc. 44 at 1), provides no substantive information to support his request for intervention. Salameh asserts that, because he seeks to challenge the constitutionality of his own Special Administrative Measures (SAMs), he "share[s] common questions of law and facts" with Ghailani. *Id.* Salameh purports to "adopt Ghailani's complain (sic), claims, and demands as my own." *Id.* at 2. But Ghailani challenges his own SAMs, which were imposed following a particularized assessment of the risks associated with *Ghailani's* communications. See 28 C.F.R. § 501.3(a) (SAMs imposed following an individualized assessment of an inmate's specific risks and a finding by the Attorney General that the

measures are reasonably necessary, in the case of that inmate, "to protect persons against the risk of acts of violence or terrorism"); *see also* Defendants' Motion to Dismiss, Doc. 35 at 2 (describing Ghailani's terrorist acts and his affiliation with terrorists, including his recruitment by al Qaeda to serve as a member of the logistics team for the 1998 East African Embassy bombings; his evasion of law enforcement authorities; his training at terrorist training camps in Afghanistan; his fighting in al Qaeda's front lines in Afghanistan after the Embassy bombings; and his personal association with Usama bin Laden). The Court's determination of Ghailani's claims will focus on the facts specific to Ghailani and whether the SAMs are rational as applied *to him*. Any First Amendment claim Salameh may bring will not rest on the same facts or the same evaluation by Executive Branch counterterrorism personnel as the claim brought by Ghailani.

Salameh has not shown that he is entitled to intervene as of right. Intervention of right requires that the intervening party demonstrate either "an unconditional right to intervene by a federal statute," or "an interest relating to the … transaction that is the subject of the action, *and* is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest …" Fed. R. Civ. P. 24(a) (emphasis added). Salameh has not identified any federal statute that gives him "an unconditional right to intervene" – nor does such a statute exist. The mere fact that Salameh, like Ghailani, is subject to limitations on his communications does not show that this Court's ultimate disposition of Ghailani's claims would impair or impede Salameh's ability to protect his interests. As noted above, the Court's resolution of Ghailani's First Amendment claims will be based on facts particular to him. Salameh has articulated no basis for the Court to conclude that the disposition of Ghailani's

claims challenging his SAMs would have any effect whatsoever on Salameh's ability to challenge the SAMs applied to him.

Salameh's attempt to intervene also fails to comply with Fed. R. Civ. P. 24(c). A motion to intervene "*must* state the grounds for intervention *and* be accompanied *by a pleading* that sets out the claim or defense for which intervention is sought." *Id.* (emphasis added). The rule requires that Salameh advise the Court and Defendants of the specific basis for his contention that he should be allowed to intervene. Salameh has failed to meet this requirement. His conclusory statements are insufficient to meet the notice requirement under Rule 24(c). And Salameh also fails to attach the mandatory pleading setting forth the claim he allegedly shares with Ghailani.

In addition, Salameh's allegations do not satisfy either of the two threshold inquiries for permissive intervention, *i.e.*, that he "is given a conditional right to intervene by a federal statue," or that he has "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). Salameh has not made a threshold showing of the existence of any federal statute that would authorize intervention, nor has he made a sufficient showing of a claim that shares a common question of law or fact with the pending claims. There is no basis for the Court to exercise its discretion to allow Salameh to intervene. *See City of Stilwell v. Ozarks Rural Elec. Co-op. Corp.*, 79 F.3d 1038, 1043 (10th Cir. 1996) (permissive intervention pursuant to Rule 24(b)(1)(B) falls within the Court's discretion).

Combining the disparate claims of two inmates into one lawsuit will unduly delay the resolution of Ghailani's claims. *See* Fed. R. Civ. P. 24(b)(3) ("In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."). Defendants will mount a

separate defense to Salameh's claims, including filing a separate motion to dismiss. The addition of a second, unrepresented plaintiff to a case that implicates matters of national security also will needlessly complicate the proceedings. The Court should require that Salameh bring his own claims in his own lawsuit challenging the SAMs, as he has done in the past. *See Salameh v. Mukasey, et al.*, Civil Action No. 07-cv-01561-WYD-MJW.

For these reasons, Defendants respectfully request that the Court deny the motion to intervene.

Respectfully submitted September 4, 2014.

    JOHN F. WALSH
    United States Attorney

    s/ *Susan Prose*
    Susan Prose
    Assistant United States Attorney
    1225 Seventeenth Street, Suite 700
    Denver, Colorado  80202
    Tel: (303) 454-0200
    Fax: (303)454-0407
    E-mail: susan.prose@usdoj.gov

    Counsel for Defendants

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 4th day of September, 2014, I served the foregoing document to the following non-CM/ECF participant(s) in the manner indicated by the nonparticipant's name:

Ahmed Khalfan Ghailani (U.S. Mail)
Reg. No. 02476-748
ADX – Florence
P.O. Box 8500
Florence, CO  81226

Mohammad A. Salameh (U.S. Mail)
Reg. No. 34338-054
ADX – Florence
P.O. Box 8500
Florence, CO  81226

                                              s/ *Susan Prose*
                                              Susan Prose