IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00041-CMA-BNB

AHMED KHALFAN GHAILANI,

    Plaintiff,

v.

ERIC HOLDER, US ATTORNEY GENERAL,
US ATTORNEY'S OFFICE, SDNY,
FEDERAL BUREAU OF INVESTIGATION,
OFFICE OF ENFORCEMENT OPERATIONS,
FEDERAL BUREAU OF PRISONS, and
DAVID BERKEBILE, ADX Warden,

    Defendants.

---

**DEFENDANTS' OPPOSITION TO MOTION TO INTERVENE [DOC. 45]**

---

Defendants, through undersigned counsel, oppose the Motion to Intervene filed by Wadih El-Hage.  Doc. 45.  The Court should deny the motion because El-Hage has failed to meet the standards for either intervention of right under Fed. R. Civ. P. 24(a) or permissive intervention under Fed. R. Civ. P. 24(b).

El-Hage, who seeks to intervene of right as a plaintiff (*see* Doc. 45 at 1), provides no substantive information to support his request for intervention.  El-Hage asserts that, because he seeks to challenge the constitutionality of his own Special Administrative Measures (SAMs), he "share[s] common question of law and fact" with Ghailani.  *Id.*  El-Hage purports to "adopt[] plaintiff's complaints, demands and claims as my own."  *Id.*  But Ghailani challenges his own SAMs, which were imposed following a particularized assessment of the risks associated with *Ghailani's* communications.  *See* 28 C.F.R. § 501.3(a) (SAMs imposed following an individualized assessment of an inmate's specific risks and a finding by the Attorney General that the measures are

reasonably necessary, in the case of that inmate, "to protect persons against the risk of acts of violence or terrorism"); *see also* Defendants' Motion to Dismiss, Doc. 35 at 2 and *passim* (analyzing Ghailani's claims in the context of his risks and information specific to him, including his terrorist acts and affiliation with terrorists; his recruitment by al Qaeda to serve as a member of the logistics team for the 1998 East African Embassy bombings; his evasion of law enforcement authorities; his training at terrorist training camps in Afghanistan; his fighting in al Qaeda's front lines in Afghanistan after the Embassy bombings; and his personal association with Usama bin Laden).  The Court's determination of Ghailani's claims will focus on the facts specific to Ghailani and whether the SAMs are rational as applied *to him*.  Any claims El-Hage may bring will not rest on the same facts or the same evaluation by Executive Branch counterterrorism personnel as the claims brought by Ghailani.

El-Hage has not shown that he is entitled to intervene as of right.  Intervention of right requires that the intervening party demonstrate either "an unconditional right to intervene by a federal statute," or "an interest relating to the … transaction that is the subject of the action, *and* is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest …"  Fed. R. Civ. P. 24(a) (emphasis added).  El-Hage has not identified any federal statute that gives him "an unconditional right to intervene" – nor does such a statute exist.  The mere fact that El-Hage, like Ghailani, is subject to limitations on his communications does not show that this Court's ultimate disposition of Ghailani's claims would impair or impede El-Hage's ability to protect his interests.  As noted above, the Court's resolution of Ghailani's claims will be based on facts particular to him.  El-Hage has articulated no basis for the Court to conclude that the disposition of Ghailani's claims challenging his

SAMs would have any effect whatsoever on El-Hage's ability to challenge the SAMs applied to him.

El-Hage's attempt to intervene also fails to comply with Fed. R. Civ. P. 24(c). A motion to intervene "*must* state the grounds for intervention *and* be accompanied *by a pleading* that sets out the claim or defense for which intervention is sought." *Id.* (emphasis added). The rule requires that El-Hage advise the Court and Defendants of the specific basis for his contention that he should be allowed to intervene. El-Hage has failed to meet this requirement. His conclusory statements are insufficient to meet the notice requirement under Rule 24(c). And El-Hage also fails to attach the mandatory pleading setting forth the claims he allegedly shares with Ghailani.

In addition, El-Hage's allegations do not satisfy either of the two threshold inquiries for permissive intervention, *i.e.*, that he "is given a conditional right to intervene by a federal statue," or that he has "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). El-Hage has not made a threshold showing of the existence of any federal statute that would authorize intervention, nor has he made a sufficient showing of a claim that shares a common question of law or fact with the pending claims. There is no basis for the Court to exercise its discretion to allow El-Hage to intervene. *See City of Stilwell v. Ozarks Rural Elec. Co-op. Corp.*, 79 F.3d 1038, 1043 (10th Cir. 1996) (permissive intervention pursuant to Rule 24(b)(1)(B) falls within the Court's discretion).

Combining the disparate claims of two inmates into one lawsuit will unduly delay the resolution of Ghailani's claims. *See* Fed. R. Civ. P. 24(b)(3) ("In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."). Defendants would mount a

separate defense to El-Hage's claims, including filing a separate motion to dismiss. The addition of a second, unrepresented plaintiff to a case that implicates matters of national security also will needlessly complicate the proceedings.[1]  The Court should require that El-Hage bring his own claims in his own lawsuit challenging the SAMs.

For these reasons, Defendants respectfully request that the Court deny El-Hage's motion to intervene.

Respectfully submitted September 9, 2014.

> JOHN F. WALSH
> United States Attorney
>
> s/ *Susan Prose*
> Susan Prose
> Assistant United States Attorney
> 1225 Seventeenth Street, Suite 700
> Denver, Colorado  80202
> Tel: (303) 454-0200
> Fax: (303)454-0407
> E-mail: susan.prose@usdoj.gov
>
> Counsel for Defendants

---

[1] Notably, another SAMs inmate, Mohammad Salameh, filed a nearly identical motion to intervene.  *See* Doc. 44.  Defendants also opposed that motion.  Doc. 50.

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 9th day of September, 2014, I served the foregoing document to the following non-CM/ECF participant(s) in the manner indicated by the nonparticipant's name:

    Ahmed Khalfan Ghailani (U.S. Mail)
    Reg. No. 02476-748
    ADX – Florence
    P.O. Box 8500
    Florence, CO  81226

    Wadih El-Hage (U.S. Mail)
    Reg. No. 42393-054
    ADX – Florence
    P.O. Box 8500
    Florence, CO  81226-8500

                                            s/ *Susan Prose*
                                            Susan Prose