IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CIVIL ACTION NO. 14-CV-00041-CMA-BNB

AHMED KHALFAN GHAILANI,
  Plaintiff,

v.

ERIC HOLDER, U.S. ATTORNEY GENERAL, et al,
  Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
SEP 24 2014
JEFFREY P. COLWELL
CLERK

---

RESPONSE TO DEFENDANTS' OPPOSITION
ON MOTION TO INTERVENE

---

Intervenor Mohammad A. Salameh, respectfully submit this response in support of his motion to intervene (Doc 44).

"When considering motion to intervene, court must accept applicant's well pleaded allegations as true, making no determination as to merits of issues in dispute." Sackman v. Liggett Group, (1996 ED NY) 167 FRD 6, CCH Prod Liab Rep 914638, 32 UCCRS 2d 143.

Applicant Mohammad A. Salameh has made his claims very clear that he will adopt Ghailani's claims and demands as his own. See Alexander v. Hall (1974, DC SC) 64 FRD 152, 19 FR Serv 2d 861, (Statement in pleading

= that United States "would adopt plaintiff's complaint as our complaint in intervention" was sufficient to satisfy requirement of Rule 24(c) as pleading setting forth claim for which intervention was sought).

Salameh alleged claims with common question of law and fact as in Ghailani's complaint — challenging constitutionality of Federal Statute 28 CFR Sec. 50.3. See Providence Baptist Church v. Hillandale Comm., Ltd. (2005, CA6 Ohio) 425 F. 3d 309, 63 FR Serv 3d 243, 2005 FED App 408 P.

To allow Salameh to intervene at this early stage of the case while discovery has not begun yet will not unduly delay the resolution of Ghailani's claims, and if the Court should dismiss the complaint without allowing Salameh to present evidence in supporting Ghailani's claims it will be difficult for him to challenge the "SAMs" in the future. See e.g. Cohn v. EEOC (1978, CA5 Ga) 569 F. 2d 909, 16 CCH EPD at 8173.

Clearly, Salameh has interest in being removed from "SAMs" restrictions which violate many of his constitutional rights. And now he wishes to take this opportunity to support Ghailani's complaint to prove that regulation 28 CFR Sec. 50.3 is unconstitutional.

"Motion to intervene as matter of right should not be dismissed unless it appears to certainty that intervenor is not entitled to relief under any set of facts which

= could be proved under complaint." Lake Investors Dev. Group, Inc. v. Egidi Dev. Group, (1983 CA7 Ill) 715 F 2d 1256, 37 FR Serv 2d 713, 74 ALR Fed 621.

For the reasons set forth above, Salameh respectfully requests that the Court deny Defendants' opposition and grants Salameh's motion to intervene.

Respectfully submitted on this 19th day of September, 2014.

_M^h'l_
Mohammad A. Salameh
Reg. # 34338-054
ADX U.S. Penitentiary-Max.
P.O. Box 8500
Florence, CO 81226-8500

3

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Salameh's "Response To Defendants' Opposition on Motion To Intervene" was mailed to Ms. Susan Prose, AUSA, Counsel for the Defendants at:

1225 17th Street, Suite 700
Denver, CO 80202

on Sept. 19, 2014.

Moh'd
Mohammad A. Salameh
Reg. # 34338-054
ADX U.S. Penitentiary - Max.
P.O. Box 8500
Florence, CO 81226-8500