In the United States District Court
For the District of Colorado

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 29 2014

JEFFREY P. COLWELL
CLERK

Civil Action No. 14-CV-00041-CMA-BNB

Ahmad Khalfan Ghailani, Plaintiff
v.
Eric Holder, US Attorney General, et al, Defendants

## Reply in Support Intervenor's Motion to Intervene

Intervener, Wadih El-Hage, respectfully submit this reply to support his motion to intervene (Doc. 45)

"When considering motion to intervene, court must accept applicant's well pleaded allegations as true, making no determinations as to merits of issues in Dispute." Sackman v. Liggette Group (1996, ED NY) 167, FRD 6, CCH Prod Liab Rep at 14638, 32 UCCRS 2d 143

El-Hage made his claims known - all of Ghailani's claims - and requesting judgement of sort to resolve ultimate issue of constitutionality of Federal Statute 28 CFR Sec. 501.3.

El-Hage seeks to challenge the constitutionality of the regulation as it apply to, and how it could be emposed to any affected prisoner.

Under 28 CFR Sec. 501.3, Special Administrative Measures (SAMs) could be implemented at the Attorney

General's direction by the head of any Federal Law inforcement like FBI, DEA, BOP or US Attorney, without due process of law. See 28 CFR Sec. 501.3(a).

Once the "SAMs" are implemented, the affected prisoner has no particular avenue for appeal, however, the the regulation provide that "the affected inmate may seek review of any special restrictions imposed in accordance with paragraph (a) of this section, through the Administrative Remedy Program, 28 CFR Part 542." 28 CFR Sec. 501.3(e). But this Program does not apply to any agency other than "BOP", therefore, if the affected prisoner's SAMs were implemented by other agencies, there is no particular process for appelate review exists.

Plaintiffs Ghailani and El-Hage are both under the SAMs with identical restrictions under the same penological interests, therefore, it is fair to say they share a common question of law and fact in the pending claims.

"Motion to intervene, as matter of right, should not be dismissed unless it appears to certainty that intervenor is not intitled to relief under any set of facts which could be proved under complaint." Lake Investors development Group inc. V. Egidi Dev. Group (1983 CA7 ILL) 715 F. 2d 1256, 37 FR Serv 2nd 713, 74 ALR Fed. 621.

El-Hage clearly stated that his conditions of confinement are the same as Ghailani, and both are housed in the same area, and that to challenge those conditions he will adopt Ghailani's claims and demands as his own. This statement is

sufficient to satisfy requirement of interventions. See Alexander v. Hall (1974, DC SC) 64 FRD, 19 FR, Serv. 2d 861.

At this early stage of the case, to allow El-Hage to intervene will not undully delay the resolution of Ghailani's claims, and also dismissing the claims without allowing El-Hage to present documents and exhibits he has to support Ghailani's claims will make it difficult for him to raise these same issues in the future. See Cohn v. EEOC (1978, CA5 Ga) 569 F. 2d 909, 16 CCH EPD at 8173.

For the above stated reasons, El-Hage respectfully request that this court deny defendant's opposition motion and grant El-Hage's Motion to intervene.

Respectfully submitted, Sep. 23, 2014

Wadih El-Hage
Reg # 42393-054
USP-Max
P.O. Box 8500
Florence, CO. 81226-8500

Certificate of Service

I hereby certify that a copy of the foregoing document was mailed to Susan Prose, AUSA, counsel for Defendants, at 1225 17th Street, Suit 700, Denver CO. 80202, on September 24, 2014.

However, because of the SAMs prhibition on me to contact any one who is not approved, I respectfully request that the court allows the clerk to mail this document to other interested parties on this case.

Wadih El-Hage
Reg. # 42393-054
ADx - Florence
P.O. Box 8500
Florence, CO. 81226