**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Christine M. Arguello**

Civil Action No. 14-cv-00041-CMA-BNB

AHMED KHALFAN GHAILANI,

Plaintiff,

v.

JEFFERSON B. SESSIONS, III, U.S. Attorney General,
U.S. ATTORNEY'S OFFICE, SDNY,
FEDERAL BUREAU OF INVESTIGSTION,
OFFICE OF ENFORCEMENT OPERATIONS,
FEDERAL BUREAU OF PRISONS, and
JACK FOX, ADX Warden,

Defendants.

---

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

---

This matter is before the Court on Defendants' Motion for Summary Judgment, wherein Defendants argue that Plaintiff has not completed the mandatory exhaustion process for his sole claim. (Doc. # 99.) Defendants request that this Court enter summary judgment in their favor and dismiss Plaintiff's case in its entirety. (*Id.* at 11.) Because there are no genuine issues of material fact governing this dispute, the Court grants Defendants' motion.

Summary judgment is warranted when the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Turnkey Sols. Corp. v. Hewlett Packard Enter. Co.*, No. 15-cv-01541-CMA-CBS, 2017 WL 3425140, at *2 (D. Colo. Aug. 9, 2017). A fact is "material" if it is

essential to the proper disposition of the claim under the relevant substantive law. *Id.* A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Id.* When reviewing motions for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id.* However, conclusory statements based merely on conjecture, speculation, or subjective belief do not constitute competent summary judgment evidence. *Id.*

Pursuant to the Tenth Circuit's decision in *Ghailani v. Sessions*, 859 F.3d 1295, 1306 (10th Cir. 2017), Plaintiff's only remaining claim is that Defendants violated the Religious Freedom and Restoration Act ("RFRA"), 42 U.S.C. § 2000bb. Plaintiff asserts Defendants did so by maintaining a policy at ADX Florence that purportedly restricts group prayer by non-SAM inmates in the general-population units of the prison. *See* (Doc. # 13. at 15–16.) The burden is on Defendants "to affirmatively demonstrate that denying [Plaintiff] the right to freely exercise his religion by praying Jumu'ah once a week is in furtherance of a compelling governmental interest in the least restrictive manner." *Ghailani*, 859 P.3d at 1306.

Pursuant to the Prison Litigation Reform Act ("PLRA"), a prisoner must exhaust all available administrative remedies before he or she can bring any action with respect to prison conditions. 42 U.S.C. § 1997e(a). The Supreme Court is unequivocal that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002).) Exhaustion is a precondition to filing a suit, and "an action brought before administrative remedies are exhausted

must be dismissed without regard to concern for judicial efficiency." *Ruppert v. Aragon*, 448 F. App'x 862, 863 (10th Cir. 2012).

The Bureau of Prisons's four-step Administrative Remedy Program "allow[s] an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10. First, an inmate must present the concern "informally to staff," and staff must "attempt to informally resolve the issue." 28 C.F.R. § 542.13. Second, should the first step fail to resolve the prisoner's concern, the prisoner must timely file an Administrate Remedy Request form. 28 C.F.R. § 542.14(a). Third, if not satisfied with the warden's response, the prisoner may appeal to the regional director within twenty days of the warden's response. 28 C.F.R. § 542.15(a). Fourth, if the appeal to the regional director does not resolve the concern, the prisoner may submit an appeal to the general counsel of the Bureau of Prisons within thirty days of the regional director's response. *Id.* To properly exhaust this administrative remedy process, a prisoner must comply with "critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006).

In this case, Defendants argue that Plaintiff has not exhausted administrative remedies with regards to any alleged restriction on group prayer in ADX general-population units. (Doc. # 99.) Citing declarations of prison officials and internal documentation of Plaintiff's complaints, *see* (Doc. # 99-1), Defendants describe that Plaintiff "has filed nine administrative remedies related to six different complaints, or series, of administrative remedies, (Doc. # 99 at 8). They explain that Plaintiff completely exhausted the four-step process in only one series, No. 669441, in which

Plaintiff sought "removal of all ongoing restrictions imposed on [him] in accordance with Special Administrative Remedies (S.A.M.)." (*Id.*) Defendants assert that Plaintiff did not mention any other prison restrictions than his SAMs in this series. (*Id.* at 10.) Defendants also contend that Plaintiff's other filings, which were not exhausted, did not have anything to do with group prayer. (*Id.*)

Plaintiff has not timely responded to Defendants' Motion for Summary Judgment. Given Plaintiff's lack of response and Defendants' extensive documentation in support of its motion, the Court finds that there is **not** a genuine dispute as to whether Plaintiff exhausted administrative remedies before bringing this suit.

Accordingly, summary judgment in favor of Defendants is warranted at this time. Defendants' Motion for Summary Judgment (Doc. # 99) is therefore GRANTED. It is FURTHER ORDER that this case is DISMISSED WITHOUT PREJUDICE.

DATED: October 31, 2017

BY THE COURT:



CHRISTINE M. ARGUELLO
United States District Judge